**George Gary YOUNG and Joyce Marion Young, wife, Plaintiffs,**

**v.**

**UNITED STATES of America and the Internal Revenue Service by and Through its Commissioner, Defendants.**

**Civ. A. No. CA 3–83–0843–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 11, 1985.

Mark H. How and Michael Keeley, Rhode, Chapman, Ford & How, Dallas, Tex., for plaintiffs.

William W. Guild and Joe A. Pitzinger, III, Tax Div., Dept. of Justice, Dallas, Tex., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

This tax refund suit is before the court on cross-motions for summary judgment. After considering the record in this case, the court is of the opinion that the government's motion for partial summary judgment should be granted in part and denied in part but that the plaintiffs' cross-motion should be denied in its entirety.

### I. *Legal Standard*

Under Rule 56, Fed.R.Civ.P., summary judgment is appropriate only when the pleadings, depositions, affidavits, answers to interrogatories, and exhibits establish that there is no genuine issue as to any material fact, and that the movant is entitled to a judgment as a matter of law. In determining whether to grant a motion for summary judgment, the court must view the evidence in the light most favorable to the opposing party. *Howard v. United States,* 711 F.2d 729, 733 (5th Cir.1983).

### II. *Undisputed Facts*

The parties are not in dispute over the relevant facts. G.G. Young Construction Company, Inc. ("the corporation") was incorporated in 1976. At all times material here, George Gary Young ("G.G. Young") and Joyce Marion Young ("J.M. Young") owned all but a small percentage of the corporation's stock. G.G. Young was the president of the corporation, and prior to his stroke on July 14, 1978, conducted almost all of its affairs. As a result of his stroke, G.G. Young was unable to participate in the management of the corporation for the remainder of 1978.

J.M. Young was vice president and secretary of the corporation. Between 1976 and 1979, Anita Davis ("Davis") was a part-time bookkeeper and office manager of the corporation. Davis determined which obligations were to be paid, determined the date of payment (generally subject to G.G. Young's approval), and prepared the checks for payment of those obligations. G.G. Young and J.M. Young were the only authorized signatories on the corporation's bank accounts.

J.M. Young maintained a full-time position with Texas Oil and Gas Company prior to and during all of 1979. J.M. Young also worked part-time as needed for the corporation, performing duties such as signing documents on behalf of the corporation. After G.G. Young's stroke, J.M. Young signed all corporate checks and documents, including the Employer's Quarterly Federal Tax Return Forms 941, from the second quarter of 1978 through the second quarter of 1979.

The corporation failed to pay the federal employment taxes withheld from its employees' wages for all four quarters of 1979, except for $167.76 and $198.78 paid personally by G.G. Young and by J.M. Young, respectively, on behalf of two corporate employees. On November 20, 1979, an internal revenue officer contacted G.G. Young and discussed with him the corporation's failure to pay over to the government these delinquent employment taxes.

The corporation ceased doing business in December, 1979. On or about December 29, 1981, the Secretary of the Treasury (or his duly authorized delegate), acting under authority of 26 U.S.C. § 6672, assessed against each of the Youngs 100% of the employment taxes owed by the corporation ("100% penalty"). This assessment has remained unpaid despite proper notice and demand for its payment.

Subsequent to the assessment, the attorney for the Youngs informed the government that funds were available to satisfy a portion of the corporation's tax liability because the City of Cedar Hill, Texas owed the corporation for construction work the corporation had previously performed. The government made demand on Cedar Hill for payment, gave it notice of assessment, and thereafter levied for the funds. Cedar Hill interplead the monies into the registry of a state district court. After removing the suit to federal court, however, the government notified the Youngs' attorney that the government intended to disclaim any rights it might have to the interplead fund, which it did subsequently by filing a notice of disclaimer with the court.

On July 2, 1981, the Youngs, through their counsel, sent a letter to the Justice Department stating that if the government disclaimed its rights to the interplead fund, they would take the position that such acts constituted a waiver or estoppel of the government's right to claim said monies from them. The attorney for the Youngs repeated this position in subsequent oral conversations with government representatives.

On March 27, 1982, G.G. Young and J.M. Young each filed a Form 843 Claim for refund of the sums they had paid ($167.76 and $198.78, respectively) as employment taxes on behalf of two employees of the corporation. Each claim asserted as the sole ground for refund that the 100% penalty assessed against the claimant under 26 U.S.C. § 6672 was wrongfully assessed because "[t]he willfulness required for the imposition of the penalty was not present."

The Internal Revenue Service ("IRS") refused to refund these amounts. Consequently, the Youngs instituted this action in order to recover the refund claimed and to obtain declaratory relief excusing them from liability for the corporation's 1979 employment tax obligation. In addition to having raised several defenses, the government has filed a counterclaim for recovery of the corporation's tax liability from the Youngs personally.

### III. *The Jurisdictional Issue*

With respect to the Youngs' claim for a refund of amounts paid by each of them for federal employment taxes on behalf of

the corporation's employees, the government contends that the court is without jurisdiction to adjudicate these claims because the Youngs failed to file proper refund claims with the IRS.

■ In order to maintain a tax refund suit in federal court, the taxpayer first must have filed a proper refund claim with the Internal Revenue Service. 26 U.S.C. § 7422(a) ("Section 7422(a)")[1]; *Furst v. United States,* 678 F.2d 147, 151, 230 Ct.Cl. 375, 379 (1982). A claim is not a proper refund claim unless it sets forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis for the claim.[2] *Fearis v. Commissioner of Internal Revenue,* 548 F.Supp. 408, 409 (N.D. Tex.1982). An informal notice expressing the basis for the taxpayer's claim is sufficient so long as the notice is reduced to a writing. *Furst,* 678 F.2d at 151, 230 Ct.Cl. at 379; *Disabled American Veterans v. United States,* 650 F.2d 1178, 1180, 227 Ct.Cl. 474, 477 (1981), *aff'd,* 704 F.2d 1570 (Fed.Cir.1983).

■ In determining whether a proper refund claim has been filed, the court must consider all the surrounding facts and circumstances. *Furst,* 678 F.2d at 151, 230 Ct.Cl. at 379. The burden rests upon the taxpayer, however, to show that the information constituting the basis for the claim was communicated to the IRS. *Disabled American Veterans,* 650 F.2d at 1179, 227 Ct.Cl. at 475.

The first component of the Youngs' refund claim consisted of the Form 843's filed by each of them on March 27, 1982, through which they claimed that they lacked the "willfulness" required for the IRS to impose the 100% penalty upon them. No other basis for a refund was stated. Subsequently, the Youngs' attorney wrote a letter addressed to the Justice Department informing the agency that should the government disclaim any right to the interplead fund, the Youngs would consider such act as a waiver or an estoppel of the government's right to collect from them that portion of the tax liability which could have been satisfied from the fund. Thereafter, the Youngs' attorney had several oral conversations with government agents wherein he reiterated the Youngs' position as asserted in his letter.

■ The claim forms submitted by the Youngs do not constitute proper refund claims since they do not apprise the IRS of the Young's position concerning waiver or estoppel as a basis for a refund. Moreover, oral claims expressed to IRS agents fail to satisfy the statutory requirements. *Disabled American Veterans,* 650 F.2d at 1180, 227 Ct.Cl. at 477. The only remaining component of the Youngs' refund claims consists of their attorney's letter. The letter, however, was addressed to the Justice Department. Notice to the Justice Department does not necessarily constitute notice to the IRS as required by Section 7422(a) and Treasury Regulation § 301.-6402–2(b)(1). The claim information must be communicated to the IRS, and the burden in that regard rests on the taxpayer.[3]

---

**1.** 26 U.S.C. § 7422(a) provides that:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations ... established in pursuance thereof.

**2.** Treasury Regulations on Procedure and Administration § 301.6402–2(b)(1), promulgated

pursuant to Section 7422(a), provides in part that:

No refund or credit will be allowed ... except upon one or more of the grounds set forth in a claim .... The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.... A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

**3.** Although plaintiffs' complaint, naming the IRS as a defendant, raised the issue of estoppel or waiver as a ground for a refund, the complaint itself does not constitute a satisfactory

*Furst,* 678 at 153, 230 Ct.Cl. at 383; *Disabled American Veterans,* 650 F.2d at 1179, 227 Ct.Cl. at 475.

Since the Youngs have not established that such information was communicated to the IRS, they have not fulfilled their burden of showing that a proper claim for refund was communicated to the IRS. Consequently, this court lacks jurisdiction to adjudicate the controversy over these two refund claims.

### IV. *The Youngs' Liability Under 26 U.S.C. § 6672*

#### A. *Waiver and Estoppel*

Various issues are raised by the parties concerning the government's counterclaim against the Youngs under 26 U.S.C. § 6672(a) ("Section 6672(a)").[4] To begin with, the Youngs contend that the government waived its right to a portion of the taxes at issue or, alternatively, is estopped from proceeding against the Youngs in the amount of the interplead fund because, after levying on the fund, the government disclaimed any rights it may have had in the fund.

█ This argument is without merit. The liability under Section 6672(a) of a person responsible for collecting and paying over federal employment taxes ("responsible person") is independent of the corporation's obligation to pay over the employee withholdings to the government. *Hornsby v. I.R.S.,* 588 F.2d 952, 954 (5th Cir.1979). Thus, the IRS need not first attempt to collect the tax from the corporation or its creditors, or join other responsible persons, prior to seeking recovery from one particular responsible person. *Howard v. United States,* 711 F.2d 729, 736 (5th Cir.1983); *Hornsby,* 588 F.2d at 954; *see Newsome v. United States,* 431 F.2d 742, 746 (5th Cir.1970).

In fact, the manner in which the IRS seeks to resolve a tax deficiency is legally irrelevant to the issue of a responsible person's liability, absent an abuse of discretion. *Howard,* 711 F.2d at 736; *Hornsby,* 588 F.2d at 954. The courts have generally found an abuse of discretion where it was the government's active conduct with respect to the corporation that led to the government's inability to collect the taxes. *Compare McCarty v. United States,* 437 F.2d 961, 194 Ct.Cl. 42 (1971) (IRS abused its discretion in failing to collect taxes from corporation prior to its takeover by the Navy, where corporation had sufficient assets to pay taxes prior to takeover and Navy failed to pay over the taxes in accordance with agreement between government and corporation) *and Tozier v. United States,* 65–2 U.S.T.C. (W.D.Wash.1965) (responsible persons held not personally liable where government acquiesced in corporation's continued operation although corporation then had sufficient assets to cover taxes had government agreed to corporation's liquidation as suggested by responsible persons) *with Howard,* 711 F.2d at 736 (IRS did not abuse its discretion by seeking recovery of tax deficiency against responsible person even though IRS had made no attempt to collect tax deficiency until over two years after that same responsible person had notified IRS of corporation's failure to pay over employment taxes) *and Hornsby,* 588 F.2d at 954 (IRS did not abuse its discretion where it merely failed to seek recovery of corporate tax deficiency from corporation or other responsible persons prior to or simultaneously with IRS's attempt to collect taxes from defendant as a responsible person).

█ On the basis of these authorities, the court finds no abuse of discretion by the government in disclaiming whatever rights it may have had to the interplead

---

refund claim. *See Disabled American Veterans,* 650 F.2d at 1179, 227 Ct.Cl. at 475.

**4.** 26 U.S.C. § 6672(a) provides in pertinent part that:

Any person required to collect, truthfully account for, and pay over any tax imposed by

this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall ... be liable to a penalty equal to the total amount of the tax ... not collected, or not accounted for and paid over.

fund in favor of seeking relief against the Youngs personally. Therefore, the Youngs' theories of waiver or estoppel are not applicable to release them from personal liability for the employment taxes due the government in this case.

## B. *Willfulness and Responsible Persons*

■ The Youngs next contend that, even if the government did not waive its rights to claim a portion of the taxes from the Youngs, neither one of them is liable under Section 6672(a). In this connection, there are two prerequisites to liability under Section 6672: (1) the defendant must be a responsible person under the section[5]; and (2) the defendant's failure to collect, account for and pay the taxes must have been willful and without reasonable cause. *Howard*, 711 F.2d at 733; *Newsome*, 431 F.2d at 745–47.

■ The courts have broadly construed the meaning of the term "responsible person." *Howard*, 711 F.2d at 734. Responsibility for employment taxes is a matter of status, duty, and authority, not merely a matter of knowledge concerning the existence of a corporate tax liability, *Id.; Mazo v. United States*, 591 F.2d 1151, 1156 (5th Cir.), *cert. denied sub nom. Lattimore v. United States*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979), although merely holding a corporate office is not enough to make the officer a responsible person. *Liddon v. United States*, 448 F.2d 509, 512 (5th Cir.1971), *cert. denied*, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (1972).

■ "Authority" refers to effective authority to pay the taxes. *Howard*, 711 F.2d at 734. In other words, a court must determine whether the defendant was a person who could have seen to it that the taxes were paid, i.e., a person with the ultimate authority over which corporate obligations were paid who can fairly be considered responsible for the corporation's failure to pay its taxes. *Liddon*, 448 F.2d

at 512–13 (citing Annot., 22 A.L.R.3d 8, 50). The fact that more than one person can fairly be considered responsible is no defense. *Howard*, 711 F.2d at 735.

■ Viewing the facts here in the light most favorable to the Youngs, a serious question arises as to whether G.G. Young was a responsible person in 1979. The degree to which his illness affected his ability to understand and participate in the affairs of the corporation during 1979 is a factor which this court is unable to resolve on the basis of the summary judgment evidence. The reason for G.G. Young's presence at the corporate offices throughout 1979 is also unclear. Moreover, although G.G. Young may have signed some documents during that year, including a loan guarantee, in his capacity as corporate president, the court notes that he signed only by making an "X" rather than by actually signing his name.

■ In contrast, the court concludes that the broad judicial construction given to the term "responsible person" would include one in J.M. Young's position in 1979. J.M. Young was an officer of the corporation with authority to sign checks on behalf of the corporation. During 1979, J.M. Young signed almost all of the checks against the corporation bank accounts and additionally signed the Form 843's for the first two quarters of 1979; thus, she was at least aware of a corporate liability for employment taxes. Since J.M. Young had check-signing authority and knew of the tax liability, she could have verified that the employment taxes had been paid regardless of the fact that Davis, the bookkeeper, usually decided which obligations were to be paid and the dates of such payments. Thus, J.M. Young was a "responsible person" in 1979.

■ Once a defendant is found to be a responsible person, the burden is on the defendant to prove that the failure to remit the taxes was not willful. *Mazo*, 591 F.2d

---

**5.** 26 U.S.C. § 6671(b) defines a "person," for purposes of Section 6672(a), to include "an officer or employee of a corporation ... who as

such officer [or] employee ... is under a duty to perform the act in respect of which the violation occurs."

at 1155; *Hornsby,* 588 F.2d at 953. The issue of willfulness under Section 6672 is directed towards the defendant's state of mind and is necessarily a subjective question which, if sufficiently controverted, would preclude summary judgment. *Mazo,* 591 F.2d at 1157.

 "Willfulness" in the context of Section 6672 means voluntary, conscious or intentional, and without reasonable cause. *Howard,* 711 F.2d at 736; *Newsome,* 431 F.2d at 746. The willfulness requirement is also satisfied if the responsible person acts with reckless disregard of a known or obvious risk that the taxes may not have been paid, such as by failing to investigate or correct mismanagement after receiving notice that the taxes were not paid. *Mazo,* 591 F.2d at 1154. Conduct amounting to no more than mere negligence, on the other hand, is insufficient to create personal liability under Section 6672. *Kalb v. United States,* 505 F.2d 506, 511 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975).

In this case, the government has acknowledged that even if G.G. Young was a responsible person during 1979, he did not know before November 20, 1979 that the tax liability was due and owing. Due to the court's conclusion that summary judgment is inappropriate on the issue of G.G. Young's status as a responsible person, the court also reserves any decision on the issue of his willfulness, if any, until the time of trial.

Furthermore, J.M. Young has presented sufficient facts to raise an issue as to her state of mind with respect to the corporation's failure to remit the employment taxes. Thus, the court concludes that summary judgment is inappropriate as to the issue of J.M. Youngs' willfulness in this matter.

### V.  *Miscellaneous Legal Issues*

With respect to the following miscellaneous issues raised in the government's motion, the court concludes as follows:

1. Under the provisions of 26 U.S.C. § 7422(f)(1), the Commissioner should be dismissed as a party because the United States is the only proper defendant in a tax refund suit;

2. This court lacks jurisdiction under 28 U.S.C. § 2201 to award the declaratory relief sought by the Youngs in paragraphs C and D of their prayer; and

3. The federal income tax and F.I.C.A. taxes withheld by an employer are held in trust by the employer for the benefit of the United States. 26 U.S.C. § 7501(a); *Howard,* 711 F.2d at 733.

### VI.  *Conclusion*

In conclusion, the Youngs' motion for summary judgment is DENIED in its entirety. The government's motion for partial summary judgment is GRANTED except with respect to the following issues:

(1) whether G.G. Young was a responsible person under Section 6672 during all four quarters of 1979;

(2) whether G.G. Young willfully failed to collect, account for and pay over the employment taxes for the fourth quarter of 1979; and

(3) whether J.M. Young willfully failed to collect, account for and pay over the employment taxes for 1979.

SO ORDERED.