**Keith A. PETERSON, an individual, Plaintiff,**

v.

**UNITED STATES of America, Department of the Treasury, Internal Revenue Service, Defendants.**

**Civ. No. 89–1125.**

United States District Court, D. Idaho.

Oct. 18, 1989.

Allan R. Bosch and Russell A. Comstock, Chandler, Dillion & Allyn, Chartered, Boise, Idaho, for plaintiff.

Maurice O. Ellsworth, U.S. Atty., Dist. of Idaho, Boise, Idaho, and Thomas Moore, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

## ORDER GRANTING MOTION TO DISMISS

RYAN, Chief Judge.

### I. FACTS & PROCEDURE

Currently before the court is the defendant United States' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court has reviewed the entire matter and finds that a hearing would not be helpful to resolve the issues presented.

Plaintiff Keith A. Peterson was an officer of Viking Mechanical, Inc., an Idaho corporation. The corporation became bankrupt and failed to account for and pay over employment taxes to the United States. Since plaintiff was a responsible officer of the corporation, the government assessed a 100 percent penalty against him pursuant to 26 U.S.C. § 6672. The tax amounted to approximately $1,200.00. The basis of plaintiff's refund suit is that the government violated its duty to first collect the taxes from Viking Mechanical before re-

quiring the plaintiff to pay as an officer of the corporation.

## II.   ANALYSIS

In support of his position, the plaintiff relies upon one case: *Tozier v. United States*, 65–2 U.S.T.C. 9621 (W.D.Wash. 1965). The court has reviewed that case as well as other cases and finds that plaintiff's position has no basis in law.

Numerous courts have considered arguments similar to that made by the plaintiff herein which rely on the *Tozier* case. However, each have distinguished *Tozier* on its facts. *Young v. United States*, 609 F.Supp. 512, 517 (N.D.Texas 1985); *Mulee v. United States*, 648 F.Supp. 1181, 1187 (N.D.Ill.1986); *United States v. Davel*, 669 F.Supp. 924, 928 (E.D.Wis.1987); *United States v. De Beradinis*, 395 F.Supp. 944, 953 (D.Conn.1975), *aff'd*, 538 F.2d 315 (2d Cir.1976). In *Tozier*, the two officers who had been assessed the 100 percent penalty told the Internal Revenue Service (IRS) agent that they would cooperate in the immediate liquidation of their company to pay the taxes. At that time, the corporation had sufficient assets from which to pay the tax liability. However, because the company's closing would have increased unemployment in the area, the government agreed to work with the company. The parties agreed that the company would continue to operate as long as possible and that the government would protect itself by filing tax liens against all the company assets. Later, the company became insolvent and the government had not sufficiently protected itself. The *Tozier* court concluded that the government's failure to secure sufficient funds was due to its own acts and conduct, and therefore, under the circumstances, the officers of the company did not willfully fail to pay the taxes due.

Unlike the facts presented in *Tozier*, in this case there was no agreement between Mr. Peterson and the IRS, that the IRS would assert liens over the corporation, and that the IRS, if necessary, would levy and seize assets of Viking Mechanical, Inc., to be applied to the payment of employment taxes. Also, the IRS did not actually seize property of Viking Mechanical, Inc., and later release the property to the bankruptcy court as in *Tozier*. It was for these reasons that the court in *Tozier* found that the fault for not paying the tax and penalty under § 6672 should lie with the United States Government, not with Mr. Tozier. Hence, it is evident that *Tozier* is factually distinguishable from the case at bar, and is, therefore, not applicable.

Plaintiff's position that the IRS's failure to seek payment from Viking Mechanical, Inc., before collecting from the corporate officer is void of any legal authority. In fact, courts have specifically found that the IRS does not have a duty to act as a collection agency for those such as the plaintiff. *United States v. De Beradinis*, 395 F.Supp. at 953. Other courts have held that it is unnecessary for the government even to attempt collection from the corporate employer before asserting the personal liability of the responsible persons. *Bernardi v. United States*, 74–1 U.S.T.C. 9170 (N.D.Ill.), *aff'd*, 507 F.2d 682 (7th Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693 (1974); *Mulee v. United States*, 648 F.Supp. at 1187. Moreover, under 26 U.S.C. § 6672 it has been clearly established that the liability of a person responsible for collecting and paying over federal employment taxes is totally *independent* of the corporation's obligation to pay over the employee's withholdings to the government. *Teel v. United States*, 529 F.2d 903, 906 (9th Cir.1976); *Young v. United States*, 609 F.Supp. at 517; *Hutchinson v. United States*, 559 F.Supp. 890, 894 (N.D.Ohio 1982).

## III.   ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendant's motion to dismiss should be, and is hereby, GRANTED.

IT IS FURTHER ORDERED that the above-entitled complaint and action should be, and is hereby, DISMISSED, with prejudice.

IT IS FURTHER ORDERED that all parties shall bear their own costs.