Tommy D. MORGAN,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 90–1442.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1991.

Rehearing Denied Sept. 3, 1991.

Merle R. Flagg, Dallas, Tex., for plaintiff-appellant.

Elizabeth K. Wickstrom, Ann B. Durney, Gary R. Allen, Chief, Appellant Sec. Tax Div. Dept. Justice, Washington, D.C., for defendant-appellee.

Before GOLDBERG, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

For the reasons articulated in the district court's memorandum opinion and order, *Morgan v. United States*, 90–1 U.S.Tax Cas. (CCH) ¶ 50,106, Unempl.Ins. Rep. (CCH) ¶ 15407A (N.D.Tex. January 25, 1990) (available on WESTLAW, 1990 WL 39106) (reprinted as Appendix), we affirm the district court's ruling that Morgan was a responsible person and acted willfully within the meaning of 26 U.S.C. § 6672(a).

Morgan's liability established, we remand the case for resolution of Morgan's claim that the penalty should be reduced by $12,000. In his deposition, he testified that he remitted that amount to the I.R.S. Because the deposition was the only evidence in the record, and the United States specifically relied on it in support of its motion, Morgan's claim to the $12,000 credit was before the court for its consideration. *See John v. State of Louisiana (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 711–13 (5th Cir.1985) (where evidence cited by the party moving for summary judgment reveals a question of fact, court of appeals is "free to consider it notwithstanding [nonmoving party]'s failure to point out in the district court the manner in which the evidence supports [its] position"); *see also Higgenbotham v. Ochsner Foundation Hospital*, 607 F.2d 653 (5th Cir.1979) (where evidence is not voluminous, district court must consider the record as a whole, even evidence upon which the nonmoving party failed to rely).

AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.

## APPENDIX

Tommy D. MORGAN, Plaintiff,

v.

UNITED STATES of America, Defendant,

v.

Howard BEETZ, Additional Defendant on Counterclaim.

CIV. No. CA3–88–0564-D.

United States District Court, N.D.Texas, Dallas Division.

Jan. 25, 1990.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge:

This motion for summary judgment presents the question whether plaintiff-counterdefendant Tommy D. Morgan ("Morgan") was a "responsible person" who "willfully" failed to account for and pay withholding taxes within the meaning of 26 U.S.C. § 6672(a). Concluding as a matter of law that the summary judgment evidence establishes Morgan's liability, the court grants summary judgment and enters judgment in favor of the government.

### I

The summary judgment evidence establishes the following uncontested facts.[1] Morgan is an accountant who resides in Denton, Texas. He has been employed by Two Jacks Wireline Service Corporation since 1970. In 1980 or 1981 he became an officer of the corporation. He never attended any meetings of the officers or the board of the corporation because none were held. He was never a director of the corporation. Plaintiff's responsibilities included

---

**1.** Both parties provided excerpts from Morgan's deposition as summary judgment evidence.

typing invoices, keeping monthly records, preparing tax returns, preparing Form 941's (the Employer's Quarterly Federal Tax Return), preparing state unemployment forms, and preparing state withholding reports. He did not prepare payroll checks.

The corporation maintained three bank accounts—one in Denton, Texas and two in Louisiana. Morgan had signature authority over the Denton account. No payroll checks were issued from that account. The account was used to issue checks to the IRS, to the State of Louisiana for state taxes, to Morgan, and to Two Jacks Wireline Services. The funds in the account were proceeds from factoring receivables. If the proceeds from such receivables exceeded the monthly expenses, the excess was transferred to Louisiana. Additionally, Morgan transferred money to Louisiana whenever the president of the corporation requested money, whether or not there was an excess in the Denton bank account for the month. If the Denton account had insufficient funds to pay withholding taxes when due, Morgan sent the withholding tax return to the president of the company and instructed him to pay the taxes. Morgan was aware that the withholding taxes were not being paid, yet he made transfers from the Denton account to the president of the corporation, to himself, and to the State of Louisiana for payroll taxes.

## II

■ Funds required to be withheld from employees' payroll checks are held in trust by the employer for the United States. *Gustin v. United States, I.R.S.* [89-2 USTC P 9423], 876 F.2d 485, 491 (5th Cir.1989). If the trust funds are not paid over, the government may impose a 100 percent penalty for the withheld taxes pursuant to 26 U.S.C. § 6672(a).[2] Id. 876 F.2d at 491. Liability under § 6672(a) is imposed only on a responsible person who has willfully failed to perform a duty to collect, account, and pay over the taxes.[3] Id.; *Bowen v. United States* [88-1 USTC P 9164], 836 F.2d 965, 968 (5th Cir.1988); *Wood v. United States* [87-1 USTC P 9165], 808 F.2d 411, 414 (5th Cir.1987); *Young v. United States* [85-1 USTC P 9247], 609 F.Supp. 512, 518 (N.D.Tex.1985) (Fish, J.).

### A

■ Whether a taxpayer is a responsible person within the meaning of § 6672(a) is a matter of status, duty, and authority. *Gustin,* 876 F.2d at 491; *Wood,* 808 F.2d at 415; *Howard v. United States* [83-2 USTC P 9528], 711 F.2d 729, 734 (5th Cir.1983); *Mazo v. United States* [79-1 USTC P 9284], 591 F.2d 1151, 1156 (5th Cir.), cert. denied, 444 U.S. 842 [100 S.Ct. 82, 62 L.Ed.2d 54] (1979). There can be more than one responsible person, see *Gustin,* 876 F.2d at 491; *Howard,* 711 F.2d at 735; *Young,* 609 F.Supp. at 518, and the Fifth Circuit generally takes a broad view of who qualifies as such. *Gustin,* 876 F.2d at 491; *Wood,* 808 F.2d at 415; *Commonwealth Nat'l Bank v. United States* [82-1 USTC P 9149], 665 F.2d 743, 751 (5th Cir.1982).

■ The central question is whether an individual had the effective power to pay taxes. *Gustin,* 876 F.2d at 491, *Howard,* 711 F.2d at 734; see *Mazo,* 591 F.2d at 1153 (authority to see that taxes are paid makes one responsible person within meaning of § 6672). The threat of adverse action by a superior or direct instructions not to pay taxes owed does not relieve one from his status as a responsible person. *Gustin,* 876 F.2d at 491–92; *Howard,* 711 F.2d at 734–35. Mere access to corporate

---

**2.** 26 U.S.C. § 6672(a):

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

**3.** A responsible person's willful failure to perform any of the three enumerated functions results in § 6672(a) liability. See *Slodov v. United States* [78-1 USTC P 9447], 436 U.S. 238, 250 [98 S.Ct. 1778, 1786, 56 L.Ed.2d 251] (1978).

funds, however, does not make one a responsible person. *Gustin*, 876 F.2d at 492. A corporation may deny an employee the actual authority to pay taxes. Id. In that circumstance, requiring the employee to pay taxes would amount to requiring him to steal company funds. Id. Morgan's deposition testimony demonstrates that he had actual authority to pay withholding taxes, at least to the extent funds were available in the Denton account.

 Morgan argues, however, that there is no evidence to show he had control over sufficient funds in the Denton account to pay all the withholding taxes due. A person cannot be a responsible person unless he has the effective ability to pay the taxes. *Gustin*, 876 F.2d at 491. A person who controls insufficient corporate funds to pay the taxes in full does not have the effective ability to pay the taxes beyond the funds in the account he controls. Thus, he is a responsible person only to the extent of the funds entering his accounts after the tax liability arises.

 The burden of proving that Morgan did not control sufficient funds to pay the tax liability is upon Morgan. A plaintiff seeking refund of a partial payment of a § 6672 penalty has the burden of proving that he was not a responsible person even if the government has counterclaimed for the remaining unpaid tax. *Liddon v. United States* [71-2 USTC P 9591], 448 F.2d 509, 513–14 (5th Cir.1971), cert. denied, 406 U.S. 918 [92 S.Ct. 1769, 32 L.Ed.2d 117] (1972). Morgan merely points out that the government "has offered no summary judgment evidence to show [Morgan] had control over sufficient funds in the one account he could sign on to cause payment of the tax liability." Because Morgan will bear the burden at trial of proving he is not a responsible person, on motion for summary judgment he bears the burden of adducing sufficient evidence which, if believed by a jury, would entitle him to relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 [106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202] (1986). Morgan offers no evidence of the insufficiency of the funds over which he had control. He has thus failed to satisfy his burden of proof.

Morgan testified he had the authority to draw checks on the Denton account to pay taxes. He was an officer of the corporation and was fully aware of the corporation's tax obligations. Morgan did not adduce evidence from which a reasonable jury could find he had control only over funds that were insufficient to pay the taxes. The court thus concludes Morgan has not adduced evidence sufficient to create a genuine issue regarding whether he was a responsible person. Cf. *Gustin*, 876 F.2d at 492 (president of corporation held responsible person despite limited check writing authority); *Bowen*, 836 F.2d at 966, 968 (president and vice-president with signing authority over bank accounts held responsible persons); *Wood*, 808 F.2d at 415 (chairman of board with check signing authority held responsible person); *Howard*, 711 F.2d at 733–735 (minority shareholder acting as treasurer and executive and executive vice-president held responsible person); *Mazo*, 591 F.2d at 1156 (general manager with check signing authority held responsible person); *Hornsby v. I.R.S.* [79–1 USTC P 9188], 588 F.2d 952, 954 (5th Cir. 1979) (president of corporation with check signing authority held responsible person); *Young*, 609 F.Supp. at 518 (officer with check signing authority held responsible person).

### B

 Morgan also contends he did not willfully fail to pay the taxes. Willfulness under § 6672(a) requires a voluntary, conscious, and intentional act, but not a bad motive or evil intent. *Gustin*, 876 F.2d at 492; *Bowen*, 836 F.2d at 968; *Wood*, 808 F.2d at 415. Willfulness is normally proved by evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time to the government. *Gustin*, 876 F.2d at 492; *Wood*, 808 F.2d at 415; *Howard*, 711 F.2d at 736. Willfulness is also established if the responsible person acted with reckless disregard of a known or obvious risk that tax withholdings would not be

paid over to the government. *Gustin*, 876 F.2d at 492, *Bowen*, 836 F.2d at 968; *Wood*, 808 F.2d at 415. Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid. *Mazo*, 591 F.2d at 1154–55. Mere negligence does not establish willfulness. *Gustin* 876 F.2d at 492. A responsible person's decision not to pay over withholding taxes does not cease to be willful because the person is ordered by another not to pay. *Howard*, 711 F.2d at 736. The responsible person bears the burden of proving his actions were not willful. *Bowen*, 836 F.2d at 968; *Mazo*, 591 F.2d at 1155; *Brown v. United States* [79–1 USTC P 9285], 591 F.2d 1136, 1140 (5th Cir.1979).

It is undisputed that Morgan wrote checks to himself and the State of Louisiana subsequent to discovering that Two Jacks Wireline Services owed withholding taxes to the government. No later than April 1984 Morgan was aware that withholding taxes were not being paid. Morgan argues that the corporation's president was responsible for the decision not to pay. Morgan's willful failure to remit taxes is not affected by the fact that he may have delegated to the president the duty to pay. *Mazo*, 591 F.2d at 1157; *Hornsby*, 588 F.2d at 953. Moreover, Morgan's actions in not ensuring that the president in fact was paying the taxes constitute at least a reckless disregard of a known risk that tax withholdings would not be paid over to the government. Cf. *Wood*, 808 F.2d at 417 (taxpayers' disregard for risk that IRS would apply deposits to employers' tax rather than withholding taxes sufficient to establish willfulness).

Morgan was aware of the tax deficiencies and made payments to himself and others during 1984 despite this knowledge. Morgan had a duty to ensure the taxes were paid. The court concludes he willfully failed to pay the taxes owed for each quarter. See *Wood*, 808 F.2d at 417 (reckless disregard for risk IRS would not apply deposits to withholding taxes sufficient to establish willfulness); *Commonwealth Nat'l Bank*, 665 F.2d at 758 (taxpayer acted willfully in allowing company to contin-ue in business and use trust funds to pay other creditors); *Mazo*, 591 F.2d at 1157 (taxpayers acted willfully despite their reliance on controller's assertions that taxes had been paid); *Hornsby*, 588 F.2d at 953–54 (taxpayer acted willfully despite delegation of duty to pay taxes to subordinates).

On the basis of the evidence that Morgan has adduced in response to the government's summary judgment motion, a reasonable jury would be unable to conclude Morgan was not a responsible person and did not act willfully in failing to pay the withholding taxes in question. Accordingly, the government's motion for summary judgment is granted.

SO ORDERED.