**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10870

BEVERLY FREY

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

3:99-CV-831-D

March 19, 2002

Before ALDISERT[*], DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[**]

This case involves a $284,770 tax assessment under 20 U.S.C.

§ 6672 against Beverly Frey, a former corporate officer of

Pinpoint Communications.  The IRS issued the assessment for

---

[*] Circuit Judge of the Third Circuit Court of Appeals, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.4.

failing to pay the employment taxes withheld from the wages of Pinpoint employees. Frey paid $100 of the assessment and brought suit against the United States for a refund of that $100. The government filed a counterclaim for the unpaid balance of the assessment. The district court granted summary judgment for the government. Frey now appeals this decision.

Other minor issues are involved. However, our principal task is to decide whether the district court erred in determining that--as a taxpayer--Frey was a "responsible person" under § 6672.[1]

I.

Patrick Bromley was Pinpoint's primary investor, CEO, and Chairman of the Board. According to Frey, Bromley was the dominant figure in the corporation, controlling all financial matters. Only Bromley allegedly had the authority to decide

---

[1]Title 20 U.S.C. § 6672 provides in relevant part:

> (a) General Rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully accounts for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

> (b) defines "person" to include "an officer or employee of a corporation . . . who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs."

whether suppliers would be paid, when taxes would be paid, and how much those tax payments would be.

During the third and fourth quarters of 1995, Pinpoint failed to pay the government taxes it had withheld from its employees' wages during the third and fourth quarters of 1995, totaling $284,870.31. By August 1996, Pinpoint had filed for bankruptcy under Chapter Seven, and had begun to liquidate. The overdue taxes, incidentally, remained unpaid.

On February 18, 1999, the IRS made a $284,780 assessment against the taxpayer under § 6672 for the unpaid withholdings during the third and fourth quarters of 1995. The IRS sent Frey notice of the assessment and a demand for payment. The notice and the demand was sent to Frey's correct address, though it misstated her social security number.[1]

Frey paid $100 of the assessment and brought this suit for a refund. The government counterclaimed for the unpaid balance of the assessment and also filed a third party complaint against Bromley for his failure to pay the employment taxes pursuant to § 6672. Bromley and the government reached a settlement in the

---

[1] We reject Frey's argument that she did not receive proper notice because the notice and demand letter she received misstated her social security number. Code § 6303(a) requires the notice to state the amount of the assessment and demand payment. Here, the notice and demand letter was sent to both the correct person and the correct address. Additionally, it properly stated the amount of the assessment against Appellant and demanded payment from her.

3

amount of $158,000, to be paid by Bromley.[2]

Sections 6672 and 6671(b) impose personal liability for the amount of the taxes due upon those officers and agents of the employer who are "responsible" for failing to pay and who act "willfully" in failing to pay.  Whether an individual is a "responsible person" is essentially a question for the fact-finder.  <u>Barnett v. I.R.S.</u>, 988 F.2d 1449 (5th Cir. 1993).

The crux of the inquiry involves determining whether the individual had the "effective power" or "actual authority or ability" to pay the taxes.  <u>Id.</u>  We have heretofore set forth six factors to be considered in determining whether a person has the "effective power" to pay taxes.  <u>Logal v. U.S.</u>, 195 F.3d 229, 232 (5th Cir. 1999).  Those six factors analyze whether the individual: (1) is an officer or member of the board of directors; (2) owns a substantial amount of stock in the company; (3) manages the day-to-day operations of the business; (4) has the authority to hire or fire employees; (5) makes decisions as to the disbursement of funds and payment of creditors; and (6) possesses the authority to sign company checks.  <u>Id.</u>

In applying these factors we have held that all responsible persons--not simply the most responsible person--are liable for unpaid taxes.  <u>Morgan v. U.S.</u>, 937 F.2d 281, 284 (5th Cir. 1991).

---

[2] There is no dispute that Frey will be entitled to a credit for the amount collected from Bromley.

A person with a duty to pay taxes cannot absolve herself of liability merely because a superior instructed her not to pay taxes, or because the supervisor threatened to fire her if she paid the taxes. Howard v. U.S., 711 F.2d 729, 734-735 (5th Cir. 1983); Gustin v. U.S., 876 F.2d 485, 491-492 (5th Cir. 1989); Morgan, 937 F.2d at 284. A person will be held to be responsible even if he does not have final authority to determine which bills are paid, so long as he has "significant control over disbursements." Raba v. U.S., 977 F.2d 941 (5th Cir. 1992).

As Treasurer/Secretary, Frey was an officer of the corporation. She managed the day-to-day accounting operations of the business. This included dealing with independent auditors, paying employment taxes, signing payroll checks, and preparing financial statements for the Board of Directors. She participated in the hiring decisions in the accounting department. The evidence indicates that she had the authority to authorize purchases for the accounting department up to $5,000.

In one case, Frey authorized the issuance of a several hundred thousand dollar purchase order. Under precedent set forth in Baba, Frey need not have had final authority to determine which bills were paid, so long as she had significant control over the disbursements. Frey had the authority to sign checks up to $10,000 on her own, and the authority to sign checks above that amount with a co-signer.

Distilled to its essence, Frey's primary argument is that

5

Bromley had more authority than she to insure that taxes were paid; Bromley told her not to pay the delinquent taxes; and she did not have final control over which creditors to pay.

To be sure, this case has given us a moment of pause. It is uncontradicted that Bromley ordered Frey not to pay these taxes and to instead pay creditors. Clearly, dictates of equity favor her position. Nevertheless, we are faced with a litany of controlling and unambiguous cases such as Morgan, Howard, Gustin and Raba. These cases provide us with no wiggle room to allow this question--whether Frey was a responsible person under § 6672--to be sent to a fact finder. On the basis of supporting data filed with the summary judgment motion, we hold that she is a responsible person under § 6672.

## II.

We now address the question of whether Frey--a responsible person--also acted willfully. Under § 6672, willfulness entails a voluntary, conscious, and intentional act. It does not require a bad motive or evil intent. A responsible person's decision not to pay withholding taxes does not cease to be willful because the person is ordered by another not to pay. Morgan, 937 F.2d at 285-286; see also Howard, 711 F.2d at 736 ("A considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the

6

taxes are due, is all that is required to establish willfulness.")

* * * * *

We conclude, therefore, that the district court did not err in ruling in favor of the government.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the district court is **affirmed.**

7