**Revised November 24, 1999**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 98-41190
_____

MICHAEL P. LOGAL,

Plaintiff-Counter Defendant-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____
November 22, 1999

Before POLITZ, DAVIS, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Michael P. Logal appeals from a district court judgment against him under 26 U.S.C. § 6672 for failure to pay the Internal Revenue Service amounts due in employee withholding taxes and penalties. Logal challenges: (i) the jury's determination that he was a "responsible person" for all three tax quarters at issue and "willful" for the second quarter of 1994, (ii) the district court's failure to instruct the jury on his reasonable cause defense to § 6672, and (iii) the district court's entry of judgment as a matter of law in favor of the government for the last quarter of 1993 and

the first quarter of 1994.  For the reasons that follow, we affirm.

I.

Logal was president, CEO and one of five directors of Meridien Specialty Personnel Services, Inc. ("Meridien"), a corporation in the business of providing temporary employees to other businesses. Logal was entitled to twenty percent of Meridien's stock, title to which he had placed in his wife's name.  He was the only director with experience in the personnel business, and as such was generally responsible for running and developing the business.  He was the only officer compensated by Meridien for his services and he was its highest paid employee.

In the same year that Meridien was formed, GL Management Associates, Inc. ("GL") was formed by two of Meridien's other directors.  In 1993, Meriden's Board of Directors put GL in charge of Meridien's accounting through Meridien's Ft. Lauderdale office, while Logal maintained control of operations of the Dallas office. As a result, Logal became less involved in financial matters and more involved in business development, including negotiating contracts and hiring and firing employees.  However, Logal maintained authority to sign checks without a co-signer.

In December 1993 or January 1994, Logal became aware that employment taxes had not been paid to the government, although they had been withheld from employee wages.  He nevertheless continued to sign payroll checks to himself and others.  He also claimed a

2

tax credit for taxes withheld from his wages, although he knew they had not been paid to the government.

In May 1994, Logal entered into an installment agreement with the IRS on behalf of Meridien to pay $45,000 per month for delinquent taxes for the last three quarters of 1993 and the first quarter of 1994. Logal contends that because Fred Miller (another Meridien director) diverted Meridien funds, Logal was unable to make the installment payments as agreed.

The IRS assessed $103,130.33 against Logal under § 6672 for the unpaid withholding taxes. Logal sued to recover $1,901.92 in payments made on that assessment. The IRS counterclaimed for the unpaid balance of $106,230.30 (including accrued interest). At the close of evidence at trial, the government moved for Judgment as a Matter of Law under Fed.R.Civ.P.50(a), asserting that Logal's substantial status, duties and authority in the corporation established that he was a responsible person, as a matter of law, and that his payment of other creditors (including his own salary) while aware of the unpaid taxes established willfulness as a matter of law. The district court denied the motion, but indicated that it would reconsider the government's motion post-verdict. The jury then returned its verdict and found that Logal was a responsible person for all quarters at issue (the fourth quarter of 1993 and the first two quarters of 1994) and that he willfully failed to pay taxes for the second quarter of 1994. The jury also found his

3

actions not to be wilful for the earlier two quarters. The government renewed its motion for Judgment as a Matter of Law with respect to the last quarter of 1993 and the first quarter of 1994. The district court granted the motion and rendered judgment against Logal under § 6672 for all three quarters. This appeal followed.

## II.

Logal first challenges the jury's determination that he was a "responsible person" under 26 U.S.C. § 6672 of the Internal Revenue Code for the fourth quarter of 1993 and the first and second quarters of 1994 (all quarters at issue), and that he was "willful" under § 6672 for the second quarter of 1994. He contends that the government produced insufficient evidence for the jury to make these findings.

## A.

Because Logal failed to move for judgment as a matter of law under Fed.R.Civ.P. 50(a) at the conclusion of all the evidence, he waived his right to file a post-verdict Rule 50(b) motion and his right to challenge the sufficiency of evidence on appeal. U. S. v. Flintco, Inc., 143 F.3d 955, 960 (5th Cir. 1998). Thus, this Court's inquiry on appeal is limited to "whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice.'" Coughlin v. Capitol Cement Co., 571 F.2d 290, 297 (5th Cir.

4

1978)(citing <u>American Lease Plans, Inc. v. Houghton Construction Co.</u>, 492 F.2d 34, 35 (5th Cir. 1974)).

B.

Logal contends that he was not a "responsible person" because he was under the control of Meridien's Board of Directors, lacked actual control of Meridien's finances, and was unable to pay the taxes due. He argues that he was president and CEO in name only.

This circuit takes a broad view of who is a responsible person under § 6672. <u>Barnett v. Internal Revenue Service</u>, 988 F.2d 1449, 1454 (5th Cir. 1993), <u>cert. denied</u> 510 U.S. 990, 114 S.Ct. 546 (1993). This "serves a valuable prophylactic purpose: it encourages officers, directors, and other high-level employees to stay abreast of the company's withholding and payment of employee's taxes." <u>Id</u>. at 1457. Six factors to consider in determining whether someone is a "responsible person" are whether that person:

> (i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; and (vi) possesses the authority to sign company checks.

<u>Id</u>. at 1455. The jury was entitled to find that Logal satisfied all of these factors. The evidence is more than ample to support the jury verdict that Logal was a responsible person under § 6672.

C.

Logal also challenges the jury's finding that he was "willful" under § 6672 for the second quarter of 1994. Despite his check

5

writing authority, he contends that he was not willful because he lacked the authority to pay the taxes and that he had "reasonable cause" for failure to pay the taxes. He argues that Miller had assured him that the unpaid taxes would be paid and that once he learned that they were not, he negotiated the installment agreement with the IRS. He contends that Miller's misuse of the funds prevented him from complying with the agreement. Further, he argues that funds deposited in the payroll account were not available to pay taxes because checks had already been written on the funds for employee salaries.

A responsible person is liable under § 6672 only if his failure to pay the withholding taxes is willful. Barnett, 988 F.2d at 1457. A responsible person acts willfully if he knows the taxes are due but uses corporate funds to pay other creditors, Barnett, 988 F.2d at 1457; Gustin v. U.S., 876 F.2d 485, 492 (5th Cir. 1989), or if he recklessly disregards the risk that the taxes may not be remitted to the government. Gustin, 876 at 492. A responsible person who learns of the underpayment of taxes must use later-acquired unencumbered funds to pay the taxes; failure to do so constitutes willfulness. Barnett, 988 F.2d at 1458. Funds are "encumbered" for this purpose only if they are subject to restrictions imposed by a creditor with an interest superior to the IRS that preclude the taxpayer from using the funds to pay the taxes. Barnett, 988 F.2d at 1458.

6

Between March and July 1994, after Logal knew that the withholding taxes had not been paid, deposits totaling over $450,000 were made into Meridien's accounts in Dallas. However, Logal used these funds to pay other creditors, including his wages and the wages of other employees. These later acquired funds were not "encumbered" under § 6672; thus Logal was required to use them to pay the delinquent withholding taxes. His failure to do so makes him a willful violator of § 6672 and he cannot escape liability by shifting the blame to others. There is more than enough evidence to support the jury's verdict.

                                 III.

Logal next challenges the district court's failure to instruct the jury on his reasonable cause defense. He asserts that Miller's misuse of Meridien's funds prevented him from complying with the installment agreement and, if accepted by the jury, this could constitute reasonable cause for not paying the taxes. Thus, he contends that the court's failure to charge on his defense requires us to vacate the portion of the judgment predicated on the jury's finding of willful failure to pay taxes for the second quarter of 1994.

We have consistently held that the reasonable cause defense to a § 6672 action is exceedingly limited. In Bowen v. U.S., 836 F.2d 965, 968 (5th Cir. 1988), we stated that "[a]lthough we have recognized conceptually that a reasonable cause may militate

                                  7

against a finding of willfulness, no taxpayer has yet carried that pail up the hill." See also <u>Newsome v. U.S.</u>, 431 F.2d 742, 747 (5th Cir. 1970). No such defense may be asserted by a responsible person who knew that the withholding taxes were due, but who made a conscious decision to use corporate funds to pay creditors other than the government. <u>Newsome</u>, 431 F.2d at 747 n. 11; <u>Frazier v. U.S.</u>, 304 F.2d 528, 530 (5th Cir. 1962).

Here, Logal consciously decided to make payments to creditors other than the government even though he knew that the withholding taxes had not been paid. The facts Logal relied on were not sufficient to support a reasonable cause defense. Thus, the district court committed no error in refusing to instruct on this defense.

## IV.

Finally, Logal challenges the district court's determination that Logal's failure to remit withheld taxes for the last quarter of 1993 and the first quarter of 1994 was willful as a matter of law. He argues that the government's motion at the close of evidence varied from its post-verdict motion for judgment as a matter of law which precluded the court from granting the government's motion. Logal argues in effect that the government's first motion was deficient because it did not urge the court to determine that Meridien's after acquired funds were unencumbered and available to pay the withheld taxes.

8

This Court reviews a district court's grant of a post-verdict judgment as a matter of law de novo, viewing the evidence in the light most favorable to the nonmovant.  U.S. v. $9,041,598.68, 163 F.3d 238, 248 (5th Cir. 1998); Garcia v. Woman's Hospital of Texas, 97 F.3d 810, 812 (5th Cir. 1996).  Federal Rule of Civil Procedure Rule 50(a)(2) requires a motion for judgment as a matter of law to "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment."  This allows the responding party to correct any deficiencies in the evidence.  1991 Advisory Committee Notes to Fed.R.Civ.P. 50, Subdivision (a).

The government's two motions were substantially the same. Both asserted that the evidence established Logal's responsibility and willfulness, as a matter of law, for all three quarters.  The evidence at trial established that after Logal learned of the unpaid taxes, Meridien received more than enough money to pay the taxes in full.  Logal's use of those funds to pay other creditors when he knew that delinquent taxes were owed to the IRS for all three quarters establishes his willfulness, as a matter of law, for all three quarters.  See Barnett, 988 F.2d at 1457; Howard v. U.S., 711 F.2d 729, 735-36 (5th Cir. 1983); Mazo, 591 F.2d at 1157.

In addition, the taxpayer, not the government, had the burden of proving at trial that the later acquired funds were encumbered. Barnett, 988 F.2d at 1458.  Logal failed to satisfy that burden.

Logal also argues that the IRS waived any theory regarding

9

unencumbered funds by entering into the installment agreement with Meridien. Logal presented no evidence that the IRS waived any rights by entering into the settlement agreement, which Meridien breached. We find no error in the district court's order granting judgment as a matter of law.

V.

For the above reasons, we AFFIRM the judgment of the district court.

10