# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2010

No. 08-40682

Charles R. Fulbruge III
Clerk

DEMARCUS BELL

Plaintiff-Appellant

v.

CAPTAIN NEMIER HEROD; CORRECTIONAL OFFICER IV FELIPE
MARTINEZ; CORRECTIONAL OFFICER SHERRY DICKENS

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-cv-415

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff–appellant, DeMarcus Bell, Texas prisoner # 1252593, arrived in prison with his right leg amputated below the knee. He does not have a prosthetic leg and must use crutches to ambulate. He sued under 42 U.S.C. § 1983 after falling down a flight of stairs, which he was made to climb in order to reach the third-story cell to which he had been assigned. Bell now appeals 1) the magistrate judge's dismissal, under 28 U.S.C. § 1915A, of Bell's claims against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the officers of the prison's Unit Classification Committee who made the cell assignment; 2) the magistrate judge's denial of his motion to amend his complaint to add additional claims and defendants, which was filed twenty-one days before jury trial was set to commence on Bell's claims against the remaining defendants; and 3) the qualified immunity instruction given to the jury. Bell also claims, for the first time on appeal, that 4) the evidence at trial was insufficient to support the verdict. For the reasons discussed below, we deny Bell's bases for appeal and, accordingly, affirm the judgment of the district court.

## I.  Background

Bell is a prisoner in the Beto Unit of the Texas prison system. He was initially assigned to a cell on the ground floor of the prison, but the prison's Unit Classification Committee (UCC) later determined that he should be transferred to a third-story cell. The record does not reflect why this determination was made. On March 15, 2006, Bell complained to the prison guards tasked with moving him to his new cell that he should not be required to climb the stairs to his cell because his right leg was amputated below the knee, he had no prosthetic limb, and he required crutches to move. The guards told him that he must either take the stairs to his cell or receive a disciplinary case. On the following day, March 16, 2006, while descending the stairs on his crutches, Bell fell down half a flight, injuring his lower back and the leg which sustained the amputation.

Bell sued in federal district court, *pro se* and *in forma pauperis*, under 42 U.S.C. § 1983, claiming that the defendants were deliberately indifferent to his serious medical needs. The defendants included the members of the UCC that assigned Bell to the third story cell, Sun A. Berg and Major Mooneyham;[1] the

---

[1] Mooneyham's first name is not specified in the complaint or in the record.

No. 08-40682

officers who enforced the move, Captain Nemier Herod, Officer Felipe Martinez, and Officer Sherry Dickens; and the medical attendant who treated him after the fall, Nurse Charles Johnson. The parties consented to proceedings before a magistrate judge.

On November 5, 2007, the magistrate judge held a hearing in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to amplify Bell's claims. After the hearing, the magistrate judge dismissed the claims against Berg, Mooneyham, and Johnson[2] under 28 U.S.C. § 1915A, concluding that, as to these defendants, Bell's complaint failed to state a claim upon which relief could be granted and was frivolous. The magistrate judge allowed the claims against Herod, Martinez, and Dickens to proceed and scheduled trial for May 29, 2008. On April 1, 2008, the magistrate judge appointed counsel for Bell for pretrial and trial purposes.

On May 8, 2008, twenty-one days before the scheduled trial, Bell filed an opposed motion for leave to amend his complaint. Bell sought to add four new defendants and to add claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and an additional claim under 42 U.S.C. § 1983 for retaliation. The magistrate judge denied the motion, concluding that although appointed counsel had not been dilatory, the addition of substantial new claims and defendants just three weeks before trial was unduly prejudicial to the defense.

The case against the remaining defendants proceeded to trial on May 29, 2008. At no point during the trial did Bell move under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law. After the parties rested, the

---

[2] Bell also contends that the magistrate judge dismissed his claims against "an individual by the name of Luciano Molina, who was a Building Lieutenant at the George Beto Facility." Molina was not named in Bell's complaint and the magistrate judge's written opinion makes no mention of him. Because Bell asks for no relief relating to Molina, we do not further address this issue.

magistrate judge instructed the jury.  This included an instruction on whether the defendants met the two-part test for qualified immunity.  Bell timely objected to this instruction.  The jury returned a verdict in favor of the defendants.  Bell did not move under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law, although he did move, under Federal Rule of Civil Procedure 59, for a new trial, arguing that the jury was improperly instructed as to qualified immunity.  The magistrate judge denied the motion, concluding that the instruction was proper.

Bell then filed the present appeal.  For the first time on appeal, Bell challenges the sufficiency of the evidence at trial to support the verdict in favor of the defendants.

## II.  Analysis

### A.    Dismissal under § 1915A

Bell first challenges the magistrate judge's dismissal under § 1915A of his claims against Berg and Mooneyham.  This court reviews a dismissal as frivolous under § 1915A for abuse of discretion.  *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  A dismissal for failure to state a claim under § 1915A is reviewed under the same de novo standard as dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).  Because the magistrate judge found that Bell's complaint against these defendants both failed to state a claim and was frivolous, review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

Bell contends that the magistrate judge dismissed the claims against Berg on the grounds that there is no respondeat superior liability under § 1983 and the claims against Mooneyham on the grounds that Mooneyham's name was misspelled in the complaint.  But the record does not reflect that Berg and Mooneyham were dismissed on these grounds.  Instead, the magistrate judge's

order indicates that Berg and Mooneyham were dismissed because, as officers of the UCC, they were entitled to rely, in making cell assignments, on medical restrictions assigned to the prisoners by prison medical personnel. Because Bell has failed to brief any challenge to the magistrate judge's actual basis for dismissal, he has waived his objection to the dismissals. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9). Accordingly, we affirm the dismissals.

## B.    Denial of Motion to Amend

Bell next contends that the magistrate judge erred in denying his motion to amend the complaint to add additional claims and defendants. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." A district court has the discretion to consider numerous factors in evaluating whether to allow amendment, including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962). We review the denial of a motion to amend for abuse of discretion. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

Bell's motion to amend was filed twenty-one days before trial was set to begin. In denying the motion to amend, the magistrate judge recognized that there was no bad faith in the delay, observing that Bell's counsel had "diligently endeavored to develop her client's lawsuit in a short period of time" and had not been dilatory in doing so. The magistrate judge nevertheless concluded that "permitting the Plaintiff to amend at this late date would cause considerable delay, impose additional discovery requirements and be unduly prejudicial to the current defendants." The magistrate judge noted in particular that "[t]he focus of the case would change substantially from a simple deliberate indifference claim involving just three defendants to an expansive lawsuit adding ADA, RA

5

and retaliation claims and numerous new defendants." The magistrate judge also observed that there was no obstacle to Bell filing a separate lawsuit to bring these new claims, provided such claims were not time-barred.

On appeal, Bell contends that the magistrate judge should have granted his motion to amend because the proposed claims arose from a "continuous course of action . . . that clearly related back to the incident that was the subject of the suit." Bell also urges that the proposed claims had merit. But Bell does not address why the magistrate judge's opinion, which carefully set out the reasons for denying amendment, was error. Nor does Bell assert that any statute of limitations prevents him from bringing the additional claims in a separate suit. By failing to brief why the magistrate judge's opinion was error, or how he was prejudiced by it, Bell has waived this basis for appeal. *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748. We conclude that the magistrate judge did not abuse his discretion in denying the motion to amend.

## C.    Denial of Motion for New Trial

Bell also contends that the magistrate judge erred in refusing to grant his motion under Rule 59 for a new trial, in which Bell challenged the fact that the magistrate judge instructed the jury to decide the issue of qualified immunity. Bell asserts on appeal that the magistrate judge had already decided this issue in Bell's favor before trial and therefore erred in instructing the jury to reach a new determination. There is no support in the record for Bell's argument. The magistrate judge denied summary judgment to the defendants as to qualified immunity, noting that "material facts [we]re in dispute" as to whether they were entitled to it. The qualified immunity issue was not resolved before trial. Bell's contention to the contrary is inaccurate and therefore does not provide a basis for relief.

## D.    Sufficiency of the Evidence at Trial

Bell contends, for the first time on appeal, that the evidence at trial was insufficient to support the verdict rendered against him because, given his obvious handicap, "a fair-minded jury could not have reached the conclusion" that defendants Herod, Martinez, and Dickens were not deliberately indifferent to Bell's serious medical needs. Bell did not raise this objection under Federal Rule of Civil Procedure 50(a) at the close of the defendants' case. Because Bell, who was represented by counsel at trial, failed to raise this objection, we may consider Bell's challenge to the sufficiency of the evidence only for plain error. As we have previously stated:

> If a party fails to move for judgment as a matter of law under [Rule] 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal. As such, it is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error. On plain error review, the question for this court is not whether there was substantial evidence to support the jury verdict, but whether there was *any* evidence to support the jury verdict.

*Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) (emphasis added; citations, footnote, and internal quotation marks omitted); *see also Logal v. United States*, 195 F.3d 229, 231 (5th Cir. 1999) (stating that when the moving party fails to move under Rule 50(a) at the close of evidence, "this Court's inquiry on appeal is limited to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice" (internal quotation marks omitted)).

We do not have the benefit of a trial transcript in assessing Bell's challenge, as this court denied Bell's motion for a trial transcript at government expense by separate order. The trial minutes, however, reflect that Herod, Martinez, and Dickens each testified at trial, along with one additional witness

for the defense.  The trial minutes also reflect that the defense entered exhibits into evidence with no objection from Bell.  On appeal, Bell does not contend that there was *no* evidence to support the jury's verdict, only that the *weight* of the evidence does not support the jury's verdict.  On plain error review, we sustain the verdict if there is *any* evidence to support it.  *Flowers*, 247 F.3d at 238.  The record reflects, and Bell appears to concede, that there was at least some evidence presented at trial to support the verdict.  Accordingly, Bell's motion for a new trial based on the sufficiency of the evidence was correctly denied.

## III.  Conclusion

For the reasons discussed above, the judgment of the district court is AFFIRMED.