T.C. Summary Opinion 2012-29

UNITED STATES TAX COURT

DANIEL W. TOMASELLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 435-08SL.            Filed March 29, 2012.

Daniel W. Tomasello, pro se.

<u>John M. Janusz</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>: The petition in this case was filed pursuant to the

provisions of section 7463.[1] Pursuant to section 7463(b), the decision to be

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. We must decide whether respondent's Appeals Office abused its discretion when it upheld respondent's notice of intent to levy with respect to trust fund recovery penalties pursuant to section 6672 for unpaid balances due from Tomasello Limousine, Inc. (Tomasello Limousine) for the quarters ending December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, and June 30, 2004 (periods in issue).

## Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments. Petitioner resided in New York at the time he filed his petition.

During the periods in issue, petitioner was the president and owner of Tomasello Limousine. During 2001, Tomasello Limousine's bookkeeper unexpectedly passed away, and petitioner was unable to find a good replacement. Because petitioner is a mechanic and has little bookkeeping knowledge, he did not pay close attention to bookkeeping matters. Unfortunately, the replacement bookkeepers he hired failed to pay all of Tomasello Limousine's taxes. According

to petitioner's own account, at various times, he discovered that checks to pay Tomasello Limousine's taxes had not been printed or submitted. Although he was aware of those failures and pointed them out to his bookkeepers, he apparently failed to follow up and ensure that the taxes were paid.

On January 17, 2007, respondent mailed petitioner a Letter 1153, Trust Funds Recovery Penalty Letter, proposing an assessment of trust fund recovery penalties pursuant to section 6672 against petitioner as an individual required to collect, account for, and pay over employment taxes for Tomasello Limousine. The Letter 1153 proposed to collect trust fund recovery penalties from petitioner with respect to the periods in issue. The Letter 1153 was mailed to petitioner's last known address, which is the same address he used when he filed his petition with this Court. Petitioner has not disputed that he received the Letter 1153, but he failed to submit a protest to the Appeals Office.

During May 2007, petitioner hired a reliable bookkeeper, who has helped him get Tomasello Limousine's finances in order. Although he had originally thought some of the tax payments were made but not recorded properly, he has been unable to verify that any payments were made for the periods in issue. Working together with his new bookkeeper, petitioner wrote that he "cannot find the paper trail or any cancelled checks to substantiate the [tax] payments."

On May 24, 2007, respondent mailed to petitioner a Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to Tomasello Limousine's unpaid balances for the periods in issue. Petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, which respondent received on June 12, 2007. On the Form 12153, petitioner wrote that he disagreed with the filing of the levy because "no court has placed an order showing I have to pay." Petitioner did not request a collection alternative. On August 28, 2007, Settlement Officer Kenneth Heidle mailed petitioner a letter acknowledging that respondent's Appeals Office had received his request for a collection due process hearing and scheduling a telephone conference for September 14, 2007.

On September 14, 2007, Mr. Heidle held a telephone conference with petitioner. During the telephone conference, in response to petitioner's query, Mr. Heidle explained how the trust fund recovery penalty operates. Petitioner explained that he had recently filed Tomasello Limousine's 2003 and 2004 income tax returns and that his new bookkeeper was working on the 2005 and 2006 returns. Petitioner explained that those returns had not been filed because of the death of Tomasello Limousine's previous bookkeeper. Petitioner asked Mr. Heidle to review Tomasello Limousine's past payments to ensure that they had been

properly credited. Petitioner mentioned that Tomasello Limousine was no longer in operation and that he now operates a business known as Tomasello Truck and Repair Shop.

After the telephone conference, petitioner mailed Mr. Heidle a letter dated October 11, 2007, reiterating how Tomasello Limousine's finances became disorganized after the death of its bookkeeper. Petitioner also enclosed a completed Form 433-B, Collection Information Statement for Businesses, and a copy of Tomasello Limousine's Form 1120S, U.S. Income Tax Return for an S Corporation, for its 2005 tax year.

On November 30, 2007, respondent's Appeals Office mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), sustaining the levy action. The notice of determination stated that, according to respondent's records, petitioner had not filed his 2003, 2004, 2005, or 2006 U.S. Individual Income Tax Returns. The notice of determination explained that petitioner was not eligible for any collection alternatives because he was not current with his personal income tax filings. The notice of determination stated that Mr. Heidle had verified that the requirements of all applicable laws and procedures had been met and that the levy action balanced

the need for the efficient collection with the concern that the collection action be no more intrusive than necessary.

On December 31, 2007, petitioner mailed his petition to the Tax Court. In his petition, he wrote: "I disagree with original amount owed and have already paid $2500.00 and also my personal income tax returns are being found personally liable for these taxes in a court of law."

On September 18, 2008, petitioner filed a petition with the U.S. Bankruptcy Court for the Western District of New York (bankruptcy court). On September 22, 2008, respondent filed a Notice of Proceeding in Bankruptcy, and we issued an order on October 3, 2008, staying the proceedings in this Court. On October 18, 2011, respondent filed a status report with this Court reporting that the bankruptcy court had issued an order dismissing petitioner's bankruptcy proceeding, and on October 18, 2011, we issued an order lifting the stay on proceedings in this Court.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual

inferences are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). However, the party opposing summary judgment must set forth specific facts that show a genuine issue of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d).

The underlying liabilities in the instant case were assessed under section 6672, which imposes penalties for failure to collect, account for, and pay over income and employment taxes of employees. Those penalties are commonly known as trust fund recovery penalties and are assessed and collected in the same manner as taxes against a person who is "an officer or employee of a corporation * * * who as such officer, employee or member is under a duty to perform" the duties referred to in section 6672. Sec. 6671(b). Such persons are referred to as "responsible persons", and the term may be broadly applied. McClure v. Commissioner, T.C. Memo. 2008-136; see generally Logal v. United States, 195 F.3d 229, 232 (5th Cir. 1999); Barnett v. IRS, 988 F.2d 1449, 1454 (5th Cir. 1993). Any person who qualifies as a responsible person under the statute is liable for the penalty; a right of contribution against other responsible persons exists but must be claimed separate and apart from proceedings to collect the penalty brought by the United States. Sec. 6672(d). The liability of a responsible person pursuant to

section 6672 is independent of the employer corporation's duty to pay trust fund taxes.  See Cash v. United States, 961 F.2d 562, 565 (5th Cir. 1992).

A taxpayer has the opportunity to dispute the taxpayer's liability for a trust fund recovery penalty when he receives a Letter 1153.  Mason v. Commissioner, 132 T.C. 301, 317-318 (2009); Sparkman v. Commissioner, T.C. Memo. 2009-308; McClure v. Commissioner, T.C. Memo. 2008-136.  Petitioner has not disputed that he received a Letter 1153, but he failed to submit a protest to respondent's Appeals Office disputing his liability for the trust fund recovery penalty.  Accordingly, petitioner is not entitled to dispute his underlying liability before the Appeals Office or before this Court.  See Sparkman v. Commissioner, T.C. Memo. 2009-308.

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000).  In reviewing for abuse of discretion, we will reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law.  See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner failed to file a response to respondent's motion for summary judgment, but he appears to make three arguments in his one-sentence petition:  (1)

that he disagrees with the amount owed; (2) that respondent did not correctly apply his payments; and (3) that he does not understand how respondent can assess the trust fund recovery penalty against him.

With respect to his first contention, petitioner is not entitled to contest his underlying liability before the Appeals Office or this Court because he failed to protest the Letter 1153. See Sparkman v. Commissioner, T.C. Memo. 2009-308. As to his second contention, petitioner acknowledged in his October 11, 2007, letter that he has been unable to document any payments made with respect to the tax liability in issue.

Finally, with respect to petitioner's third argument, petitioner appears to be confused as to how he can be held liable for the trust fund recovery penalties. Although petitioner is not entitled to contest his underlying liabilities, we will briefly explain why petitioner is liable for the trust fund recovery penalties. Petitioner was the president and sole owner of Tomasello Limousine during the periods in issue and therefore had an obligation to collect, account for, and pay over income and employment taxes for the employees of Tomasello Limousine. Secs. 6671(b) and 6672. Pursuant to section 6672(a), a person in petitioner's position is liable for a penalty for willfully failing to collect, account for, and pay over such tax. In the context of section 6672, willfulness includes a "failure to investigate or to

correct mismanagement after having notice that withholding taxes have not been remitted to the Government." <u>Kalb v. United States</u>, 505 F.2d 506, 511 (2d Cir. 1974). In his October 11, 2007, letter, petitioner acknowledged that he noticed on at least two separate occasions that the taxes had not been paid, yet he failed to ensure that the taxes were paid. Accordingly, petitioner willfully failed to collect, account for, and pay over withholding taxes and therefore is liable for the trust fund recovery penalty pursuant to section 6672.

On the basis of the foregoing, we hold that respondent's Appeals Office did not abuse its discretion, and therefore we will grant respondent's motion for summary judgment.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.